UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES NEWMAN,<br><br>     Plaintiff,<br><br>  vs.<br><br>TOM GILCHRIST, Case Manager – Sex Offender Management Program, in his individual and official capacity; BRENNA CARLSON, Program Manager – Sex Offender Management Program, in her individual and official capacity; BRENT FLUKE, Warden of State of South Dakota State Penitentiary, in his individual and official capacity; GORDON SWANSON, South Dakota Board of Pardons and Paroles – Non-Compliance Panel, in his individual and official capacity; MYRON RAU, South Dakota - Board of Pardons and Paroles – Non Compliance Panel, in his individual and official capacity; DEBRA EILERS, Barrack Case Manager, of South Dakota – Department of Corrections, in her individual and official capacity,<br><br>     Defendants. | 4:22-CV-04155-KES<br><br><br>ORDER REQUIRING PLAINTIFF TO FILE A PRISONER TRUST ACCOUNT REPORT |

  Plaintiff, Charles Newman, an inmate at the Mike Durfee State Prison, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Newman filed a motion for leave to proceed in forma pauperis, but he has not filed a prisoner trust account report. *See* Docket 2. Newman has also paid $350 towards his filing fee.

### I.   Motion for Leave to Proceed In Forma Pauperis

Under the Prison Litigation Reform Act, a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The court may, however, accept partial payment of the initial filing fee where appropriate. Thus, "[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (per curiam) (alteration in original) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of

> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Newman has not submitted a prisoner trust account report. The total civil complaint filing fee is $402. Because litigants who are granted leave to proceed in forma pauperis do not have to pay the $52 administrative fee, they only owe $350. Thus, if Newman is granted leave to proceed in forma pauperis, his $350 payment would satisfy his entire filing fee. But this court cannot evaluate Newman's motion for leave to proceed in forma pauperis without a completed prisoner trust account report. Newman must submit a completed

prisoner trust account report or, in the alternative, pay the remaining $52 owed by **February 6, 2023**. Failure to comply will result in dismissal without prejudice of Newman's complaint for failure to prosecute.

Thus, it is ORDERED:

1. That the Clerk of Court will send Newman a prisoner trust account report.

2. That Newman must return the completed prisoner trust account report or pay the remaining $52 owed by **February 6, 2023**. If Newman fails to comply with this order, his complaint will be dismissed without prejudice for failure to prosecute.

Dated January 4, 2023.

        BY THE COURT:

        /s/ *Karen E. Schreier*
        KAREN E. SCHREIER
        UNITED STATES DISTRICT JUDGE